UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>-against-<br><br>BHMD BY ON CHEVRON INC. d/b/a<br>BNAI YISROEL and MORDECHAI GOLD<br>a/k/a MORDEHAI GOLD,<br><br>        Defendants. | Civ. No. 19-CV-11482 (CS) |

## PRELIMINARY INJUNCTION ORDER

**WHEREAS**, on December 16, 2019, Plaintiff KeyBank National Association ("KeyBank") commenced this action by filing a Verified Complaint, [Proposed] Order to Show Cause for Temporary Restraining Order and Preliminary Injunction, Memorandum of Law in Support of the KeyBank's Application for an Order of Attachment and Interim Injunctive Relief, and other papers, and on the same day the Court issued an Order to Show Cause For Temporary Restraining Order and Preliminary Injunction (the "TRO Order"); and

**WHEREAS**, pursuant to the TRO Order, the parties submitted further papers to the Court concerning KeyBank's application for a preliminary injunction and appeared before the Court on January 3, 2020, for a hearing to consider KeyBank's application; and

**WHEREAS** the Court has considered (i) the Verified Complaint, (ii) the Amended Verified Complaint, (iii) the Memorandum of Law in Support of KeyBank's Application for an Order of Attachment and for Interim Injunctive Relief, (iv) the Declaration of Deepak Kapoor dated December 14, 2019, (v) the Declaration of Emily J. Mathieu in Support of Motion for Temporary Restraining Order and Order of Attachment dated December 16, 2019, (vi) the Memorandum of Law in Further Support of KeyBank's Application for Preliminary Interim Injunctive Relief (i-vi and their exhibits and attachments collectively defined as "KeyBank's Supporting Papers"), (vi) Defendants' Memorandum of Law in Opposition to KeyBank's

Application for Interim Injunctive Relief, (vii) the Declaration of Mordechai Gold ("Gold") dated December 25, 2019,(viii) the letters of counsel dated January 14, 2019, and all exhibits and attachments to the foregoing, and all other papers submitted to the Court; and

**WHEREAS** it appears from the evidence that Plaintiffs are likely to succeed on their claims that Defendants obtained more than $950,500 in proceeds from fraudulent activities and that Defendants have breached their contractual obligations in that amount; that Defendants have already transferred all of those funds from the account # XXXXXXXX3429 at Keybank held in the name BHMD BY On Chevron, Inc., d/b/a Bnai Yisroel ("BHMD"); that Defendants have taken numerous steps to transfer, secrete, and dissipate those funds by placing them in various bank accounts in the name of BHMD, Gold, other individuals who appear to be family members, religious organizations, and family trusts, as well as withdrawing a portion of those funds in cash; and that these accounts into which Defendants have transferred the fraudulent proceeds have no relationship with KeyBank and no apparent direct connection to BHMD's business operations; and

**WHEREAS** an order is necessary to restrain Defendants and other transferees from using or disposing of the proceeds of the alleged fraud and/or breaches of contract that are the subject of the claims in the Amended Verified Complaint in order to preserve the status quo and to protect the Court's ability to award relief, including equitable relief; and

**WHEREAS** it appears that Defendants have already contemplated avoiding paying any money judgment, both by engaging in the transfer of assets and by failing to communicate in any form with KeyBank after KeyBank closed Defendants' account and sent Defendants a letter directing them to honor their contractual obligations and reimburse KeyBank for the chargebacks it was incurring on Defendants' behalf; and

**WHEREAS** this Court has jurisdiction over the subject matter of this action and personal jurisdiction over the defendants, and venue properly lies in this District; and

**WHEREAS** KeyBank is likely to succeed on the merits of the claims in the Amended Verified Complaint and is likely to suffer irreparable harm if interim injunctive relief is not granted, and a proper showing, as required by Rule 65 of the Federal Rules of Civil Procedure, has been made for the relief granted herein;

**NOW, THEREFORE,** for the reasons set forth above and those stated in KeyBank's Supporting Papers, the TRO Order, and on the record during the preliminary injunction hearing held on January 3, 2020, **IT IS HEREBY ORDERED** that KeyBank's application for a preliminary injunction is **GRANTED** as set forth below:

1. This order applies to: 1) Defendant BHMD; 2) Defendant BHMD's officers, directors, employees and agents and those acting or purporting to act on its behalf; 3) Defendant Gold; 4) Defendant Gold's employees and agents and those acting or purporting to act on his behalf; 5) any person or entity acting for, with, through and/or in concert with Defendants; and 6) any person or entity to whom any Restrained Asset (as defined below) has been or is assigned, sold, pledged, paid, given or otherwise transferred outside the ordinary course of business, and who is aware of this Order.

2. A "Restrained Asset" is any money withdrawn from, drawn on or transferred out of BHMD's account # XXXXXXXX3429 at KeyBank, and any funds or assets (including tangible or intangible property and debt owed to BHMD or Gold) that are traceable to such money.

3. Pending a final disposition of this action, those persons and entities described in paragraph 1 above are immediately restrained and enjoined from directly or indirectly transferring, assigning, selling, pledging, paying, giving or otherwise disposing of any Restrained Asset, and from permitting any Restrained Asset to become subject to a security interest or lien.

4. Defendant Gold (subject to any privilege Defendant Gold may have) and Defendant BHMD are ordered to serve copies of this Order on all persons and entities to whom Defendants have assigned, sold, pledged, paid, given or otherwise transferred any Restrained Asset, and on all persons and entities who Defendants know or believe were assigned, sold, pledged, paid or given, or otherwise received, any Restrained Asset from any person or entity. Such service shall be personal service or service by mail to the last known address. Defendants are further ordered to prepare and maintain proof of service reflecting all those on whom Defendants served this Order. Defendants shall complete service of this Order in compliance with this paragraph no later than January 22, 2019.

SO ORDERED.

Dated: January 15, 2019
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.